## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**SANDRA WHITE**                          \*
                                          \*
**v.**                                    \*    **Civil No. JKS-11-1955**
                                          \*
**SHOPPERS FOOD WAREHOUSE**               \*
**CORP. ET AL**                           \*
                                          \*

## <u>MEMORANDUM OPINION</u>

Presently pending is Plaintiff's request for a continuance relating to Defendants' discovery requests. ECF No. 27. This is Plaintiff's third such request. *See* ECF Nos. 20, 24, 27. The court will deny Plaintiff's latest request for a continuance and dismiss the case with prejudice.

### I.  Background

Plaintiff filed this action in the Circuit Court for Prince George's County, *see* ECF No. 2, and Defendants subsequently removed the case to this court. ECF No. 1. The court issued a scheduling order setting a discovery deadline for December 2, 2011. ECF No. 6. On July 26, 2011, Defendant mailed Plaintiff a request for interrogatories and production of documents. ECF No. 12. After Plaintiff failed to respond to this request, Defendant filed a motion to compel, *see* ECF No. 12, and soon thereafter, Plaintiff's counsel moved to withdraw. ECF No. 14. The court conducted a hearing on the motions, during which Plaintiff's counsel stated that he had been unable to communicate with Plaintiff. At the close of the hearing, the court granted the motion to withdraw and extended Plaintiff's production deadline to March 16, 2012. The court issued an order informing Plaintiff "that failure to comply with this order can result in the imposition of sanctions which can include dismissal of her case." ECF No. 17.

Plaintiff failed to comply with the court's order to provide Defendants with discovery. On March 29, 2012, the Court granted Defendants' unopposed motion to compel but, noting that Plaintiff was proceeding *pro se*, allowed Plaintiff until April 20, 2012 to provide written discovery responses.  ECF No. 18.

Plaintiff again failed to provide discovery responses by the new deadline.  On May 3, 2012, Defendants moved to dismiss Plaintiff's complaint for failure to comply with the court order.  ECF No. 19.  In response, Plaintiff moved for a continuance on the ground that she was incarcerated and needed time to obtain legal representation.  Plaintiff represented in the letter that she was scheduled to be released on November 7, 2012.  Plaintiff also sent a letter to Defendants that included her answers to interrogatories but the mailing failed to include a production of documents.  ECF No. 21 at 2.

In light of Plaintiff's efforts to obtain counsel and her pending incarceration, the court granted "one final continuance."  ECF No. 22.  The court ordered Plaintiff to provide responses by December 17, 2012, and again warned Plaintiff that "sanctions, which may include a final dismissal of this case, will be awarded for a failure to do so."  *Id.*  The order explicitly stated that "[n]o further continuances will be granted."  *Id.*

On December 17, 2012, Plaintiff moved for another continuance on the basis that she had just located the court's previous order.  ECF No. 24.  The court, again mindful of Plaintiff's *pro se* status, granted Plaintiff an additional ten days to provide discovery to Defendants.  The court notified Plaintiff "that if she fails to provide COMPLETE responses to each of Defendants' discovery requests by not later than February 8, 2013, her case will be dismissed with prejudice." ECF No. 26.  Rather than comply, Plaintiff filed the presently pending request for a continuance.

## II.  Discussion

Plaintiff's latest request for a continuance states that she has been unable to obtain an attorney and asks for more time to do so.  ECF No. 27.  For the reasons stated below, the court will deny Plaintiff's motion to continue and dismiss the case with prejudice.

The Federal Rules of Civil Procedure provide that the court may "dismiss[] the action or proceeding in whole or in part" if a party "fails to obey an order to provide or permit discovery."  FED. R. CIV. P. 37(b)(2)(A)(v).  The court considers four factors before ordering dismissal under Rule 37(b): "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective."  *McCloud v. SuperValu, Inc.*, 2013 U.S. Dist. LEXIS 2509 at *6 (D. Md. Jan. 7, 2013) (citations and quotation marks omitted).

With regard to the first factor, Plaintiff has failed to comply with four separate court orders.  ECF Nos. 17, 18, 22 and 26.  "[N]oncompliance with discovery orders supports a finding of bad faith."  *Id.* at *8 (citing *Green v. John Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998)).  In both *McCloud* and *Green*, the plaintiffs demonstrated bad faith by failing to comply with a *single* discovery order.  *Id.*; *Green*, 188 F.R.D. at 424.  Here, four separate failures to respond to a court order support a finding of bad faith.

Next, the court must consider the prejudice caused to the Defendants.  In this case, Defendants have been prejudiced in two respects.  First, Defendants have been unable to prepare even a basic defense because Plaintiff has failed to produce a single document in discovery.  Second, Plaintiff's noncompliance over the past 14 months has lead Defendants to file numerous motions to enforce the discovery requests, causing Defendants added expense, aggravation and

delay.  *See McCloud*, 2013 U.S. Dist. LEXIS 2509 at *10-11.

The third factor is the need for deterrence of the particular type of behavior.  "Conduct such as 'stalling and ignoring direct orders of the court . . . must obviously be deterred,'" *id.* at 11 (quoting *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 93 (4th Cir. 1989)), and "[d]eterring egregious acts of noncompliance should prevent future litigants from 'flouting other discovery orders of other District Courts.'"  *Id.* (quoting *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (U.S. 1976)).  Here, Plaintiff's failure to comply with numerous court orders undermines the court's ability to manage the case effectively and fairly; the need for deterrence is high.

Lastly, the court concludes that a lesser sanction will not be effective.  The court has repeatedly intervened in the discovery process and has continually warned Plaintiff that noncompliance with a court order will lead to dismissal, yet Plaintiff continues her pattern of noncompliance.  There is no lesser sanction that will be effective.  Thus, for all the reasons stated above, the court will dismiss Plaintiff's complaint.

Having concluded that dismissal is warranted in this case, the court must determine whether to dismiss the case with or without prejudice.  "Rule 37 dismissal with prejudice is appropriate when a party has engaged in a willful or deliberate bad faith default."  *Aerodyne Systems Engineering, Ltd. v. Heritage International Bank*, 115 F.R.D. 281, 290 (D. Md. 1987) (citations omitted).  In *Aerodyne*, Plaintiff's conduct was deemed deliberate and the case was dismissed with prejudice because Plaintiff "repeatedly failed to respond to discovery requests on time" and "refused to comply with three of this Court's Orders to timely and adequately respond to [Defendant's] discovery requests despite this Court's warnings that the consequence of such non-compliance would be dismissal."  *Id.*  The same facts are present here.

4

The court also notes that Plaintiff was fully aware that failure to comply with the court's orders would result in a dismissal of her case with prejudice.  *See e.g. Green*, 188 F.R.D. at 424 (dismissing case with prejudice and noting that the plaintiff had "already been explicitly warned that her continued failure to provide discovery could lead to such a sanction"); *Sadler v. Dimensions Health Corp.*, 178 F.R.D. 56, 59-60 (D. Md. 1998) (noting that "district courts must precede dismissal with an 'explicit and clear' threat to a party that failure to meet certain conditions could result in dismissal of the party's case with prejudice").  For all of these reasons, the court will dismiss this case with prejudice.

Date: February 14, 2013                    _____/s/_____
                                           JILLYN K. SCHULZE
                                           United States Magistrate Judge